CITY OF LAWRENCE & another *vs.* STATE BOARD OF EDUCATION.

Essex.    February 3, 1970. — April 7, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*State Administrative Procedure Act.*

Where a petition for review under G. L. c. 30A, § 14, of a decision of a State board was heard by a judge of the Superior Court when he did not have before him for consideration the "entire record" of the proceeding before the board "or such portions of the record as . . . [might have been] cited by the parties," he was in no position to decide, as he did, that the hearing before the board was not a "full

and fair hearing" and was not an "Adjudicatory Proceeding," and it was error to deny a motion to require the board to file a record of the hearing and to allow a motion to remand the proceeding to it.

PETITION filed in the Superior Court on October 18, 1967.

Certain motions were heard by *Ponte, J.*

*Salvatore J. Basile* for the petitioners.

*Thomas A. Sheehan,* Assistant Attorney General, for the respondent.

REARDON, J. In this petition for review brought under the provisions of G. L. c. 30A, § 14, the petitioners appeal from an order of the Superior Court denying their motion to require that the respondent Board of Education (Board) file a record of a hearing held by the Board, and from an order allowing a motion of the Board that the proceedings be remanded to the Board. The facts alleged are as follows.

On June 14, 1967, the city of Lawrence was threatened by an illegal strike of certain teachers within the school system, and on the following day only one third of the teachers in the system reported for work. Confronted by this situation the petitioner school committee voted to close the schools for the remaining five school days of the year.

The school committee thereafter applied to the Board for exemption under the provisions of G. L. c. 71, §§ 1 and 4A, which provisions require the schools to be open for the number of days determined by the Board. This exemption was necessary to enable the city of Lawrence to obtain its share of State aid funds under the provisions of c. 70. A hearing to determine the question of exemption was conducted on July 25, 1967, by the Board and the testimony of the witnesses was recorded and certified by an official court stenographer. On September 20, 1967, the Board notified the superintendent of the Lawrence public schools that an exemption would be allowed for one day but denied for four days, thus causing a loss in State aid to the city of Lawrence in the amount of $36,000.

The petitioners allege that they were aggrieved by the Board's decision of September 20, 1967, in that it was "arbitrary, capricious and a gross abuse of discretion," be-

cause the Board had prejudged the merits of the case prior to the hearing, had failed to consider the evidence before it, and had based its decision on an erroneous concept of law.

In considering a petition for review the trial judge is given by statute the power to remand the matter for further proceedings before the agency. The court's power to remand, however, is predicated on a "consideration of the entire record, or such portions of the record as may be cited by the parties." G. L. c. 30A, § 14 (8).

In this case the Superior Court did not have before it either the "entire record, or such portions of the record as . . . [might have been] cited by the parties." What was laid before it comprised only the petition, the decision of the Board, and the motions of the parties. The court, nevertheless, denied the petitioners' motion that the Board be ordered to file the record on the ground that the "meeting" held on July 25, 1967, "was not a 'full and fair hearing,' and was not an 'Adjudicatory Proceeding'" as required by G. L. c. 30A, § 10. Not having before it the transcript of the proceedings before the Board, the court was not in a position to make a determination whether there had been a full and fair hearing and, if so, whether in fact the hearing was adjudicatory. It has been stated in *Marlborough Hosp.* v. *Commissioner of Pub. Welfare,* 346 Mass. 737, at p. 738, that cases "may not be brought to . . . [us]" under G. L. c. 30A, after an order for remand, and that "[a]ppeals from interlocutory decrees must await an appeal from the final decree." However, in that case it appears that the record of the agency hearing was before the Superior Court, as it was in *LaPierre* v. *Massachusetts Commn. Against Discrimination,* 354 Mass. 165, 166. We have on occasion with a record before us remanded to the appropriate agency on a direct appeal to this court. *Holyoke St. Ry.* v. *Department of Pub. Util.* 347 Mass. 440, 450. *Metropolitan Dist. Commn.* v. *Department of Pub. Util.* 352 Mass. 18, 30. For the Superior Court to have acted properly here on the motions under G. L. c. 30A, § 14 (8), a record was required, and without one the action of that court constituted a failure to

comply with the statute. To hold otherwise in these circumstances would be to set the stage for a game tending to denigrate both the State Administrative Procedure Act and proper judicial review of actions taken under its provisions.

We thus in accordance with powers granted to us under G. L. c. 30A, § 15,[1] as well as under our broad powers in equity (See *Woodworth* v. *Woodworth*, 273 Mass. 402, 406–407), reverse the orders and remand the matter to the Superior Court. An order is to be made there requiring the Board to file with the Superior Court an official record of the proceedings before the Board conformable to G. L. c. 30A, § 14 (4), following which the Superior Court shall proceed to a review of the proceedings under G. L. c. 30A, § 14 (6), and an appropriate disposition in accord with G. L. c. 30A, § 14 (8).

*So ordered.*

[1] Section 15 states in part: "The supreme judicial court shall have jurisdiction to review any proceedings had, determinations made, and orders or decrees issued in the superior court pursuant to section fourteen in the same manner and to the same extent as in equity suits, so far as the provisions governing equity suits are applicable."