ROBERTS-HAVERHILL ASSOCIATES[1] *vs.* CITY COUNCIL OF HAVERHILL.

Essex.   November 11, 1974. — December 18, 1974.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Zoning,* Special permit.   *Equity Pleading and Practice,* Zoning appeal.

In a zoning appeal, the Superior Court has the power to remand the case to the board of appeals for further proceedings.   [718-719]

A Superior Court decree annulling a decision of a zoning board of appeals and ordering it to hold further hearings was interlocutory and an appeal from the decree was premature.   [719-720]

A bill in equity was improperly brought in the name of a partnership without naming any of the individual partners.   [721]

BILL IN EQUITY filed in the Superior Court on April 14, 1972.

The suit was heard by *Moriarty,* J., on a master's report.

*Erik Lund (Catherine A. White* with him) for the plaintiffs.

*Salvatore Faraci,* City Solicitor, for the defendant, submitted a brief.

GRANT, J.   This is a bill brought under G. L. c. 40A, § 21, to challenge a decision of the city council of the city of Haverhill (council), sitting as a board of appeals (see G. L. c. 40A, § 4), which denied (for enumerated reasons stated therein[2]) the plaintiffs' application for a special

---

. [1]See part 3 (a) of this opinion.

[2]The reasons, styled "Findings of Fact," were as follows: "1. Saturation of garden apartments in the Bradford area.   2. Overcrowding of schools in Bradford district.   3. Water and sewerage problems.   4. Increased traffic problems.   5. The added costs of municipal ser-

permit for the construction and use of garden apartments on a tract of land lying in a so called "RH-Residential High Density" zoning district located in the Bradford section of Haverhill. The case was referred to a master,[3] some of whose findings tend strongly to indicate that many (perhaps a majority) of the reasons given by the council for its decision were pretexts having no substantial basis in fact[4] (see *Vazza Properties, Inc.* v. *City Council of Woburn*, 1 Mass. App. Ct. 308, 311-312 [1973]) but other of whose findings tend to indicate that at least two of the council's reasons were related to controverted matters of real substance.[5]

The judge who ordered that the master's report be confirmed (with an exception no longer material) filed a memorandum in which he expressed his opinions on whether the latter two reasons could constitute legally tenable grounds for the council's decision.[6] Because those were not the only two reasons given by the council

---

vices would be unbearable to the taxpayer. 6. Not in the best interests of the city. 7. The city of Haverhill is presently overcrowded with subsidized housing. 8. There are too many apartment permits pending in the area at this time." One of the pertinent city ordinances (§ 10.16 ["Special Permits"]) provides in part: "In granting a Special Permit the . . . [council], with due regard to the nature and condition of all adjacent structures and uses, and the District within which the same is located, shall find all of the following general conditions to be fulfilled: . . . c. The requested use is essential or desirable to the public convenience or welfare; d. The requested use will not impair the integrity or character of the District or adjoining zones, nor be detrimental to the health, morals, or welfare and will be in conformity with the goals and policies of the Master Plan."

[3] This practice in cases arising under G. L. c. 40A, § 21, has been strongly disapproved. *Garelick* v. *Board of Appeals of Franklin*, 350 Mass. 289, 290 (1966). The order of reference in this case was not made by the judge from whose decree the parties have appealed.

[4] The reasons numbered 1, 3, 5, 7, and (perhaps) 8 which are set out in n. 2.

[5] The reasons numbered 2 and 4. The master made no express finding concerning the reason numbered 6.

[6] For reasons which will appear in part 2 of this opinion, we do not now pass on the correctness of either of the judge's opinions.

for its decision, and because the absence (in the judge's view) of adequate findings by the council left him in a state of uncertainty whether the council would have voted to deny the plaintiffs' application if those two reasons were the only ones under consideration, the judge ordered the entry of a decree (1) annulling the decision of the council and (2) ordering it to hold such further proceedings as might be necessary to make a new determination of the application in the light of the opinions expressed in the aforementioned memorandum. The plaintiffs and the council have appealed from the so-called "Final Decree" entered pursuant to that order.

1. The circumstances in which a court may resolve a controversy such as the present one by ordering a board of appeals to issue a special permit or grant a variance are extremely narrow. See *Pendergast* v. *Board of Appeals of Barnstable*, 331 Mass. 555, 559-560 (1954); *Mahoney* v. *Board of Appeals of Winchester*, 344 Mass. 598, 601-602 (1962); *Lombard* v. *Board of Appeal of Wellesley*, 348 Mass. 788 (1965). Simply annulling (for whatever reason) a decision which denies an application for such a permit or for a variance will be of no assistance to the applicant and will often serve not to terminate the underlying controversy but to prolong it in the form of further applications, hearings, decisions and possible appeals. Not infrequently there appears to be a distinct possibility, once the evidence has been heard and the material facts have been found, that such undesirable results may be avoided by giving the board an opportunity to make further findings of fact or to state more fully the reasons for its decision, or by instructing the board to reconsider an application in the light of stated legal principles different from those on which the board has thus far proceeded. It is for that reason that the Supreme Judicial Court and this court have, on proper occasions, ordered that a case involving the grant or denial of an application for a special permit or for variance be remanded to a board of appeals for further

action or consideration, or both.[7]  See *Gem Properties, Inc.* v. *Board of Appeals of Milton,* 341 Mass. 99, 106 (1960); *MacGibbon* v. *Board of Appeals of Duxbury,* 347 Mass. 690, 690-692 (1964); *Chater* v. *Board of Appeals of Milton,* 348 Mass. 237, 246 (1964); *Tambone* v. *Board of Appeal of Stoneham,* 348 Mass. 359, 365 (1965); *Slater* v. *Board of Appeals of Brookline,* 350 Mass. 70, 74 (1966); *MacGibbon* v. *Board of Appeals of Duxbury,* 356 Mass. 635, 639, 642 (1970); *Y. D. Dugout, Inc.* v. *Board of Appeals of Canton,* 357 Mass. 25, 32 (1970); *Cumberland Farms of Conn. Inc.* v. *Zoning Bd. of Appeal of No. Attleborough,* 359 Mass. 68, 76 (1971); *Josephs* v. *Board of Appeals of Brookline,* 362 Mass. 290, 300 (1972); *Pioneer Home Sponsors, Inc.* v. *Board of Appeals of Northampton,* 1 Mass. App. Ct. 830, 831 (1973); *Williams* v. *Building Commr. of Boston,* 1 Mass. App. Ct. 478, 481 (1973).

Although none of the cases just cited was concerned with the question whether the Superior Court has the power to remand a case to a board of appeals,[8] we have no doubt that the court can rightly do so whenever the circumstances are such that an appellate court could order such action to be taken.  General Laws c. 40A, § 21 (as amended through St. 1972, c. 334), expressly provided: "The [Superior] court shall hear all evidence pertinent to the authority of the board and determine the facts, and, upon the facts as so determined, annul such decision if found to exceed the authority of such board, *or make such other decree as justice and equity may*

---

[7] Our disposition of the present appeals does not require us to decide whether this is a proper occasion for an appellate court to order a remand.

[8] In *Waldron* v. *Board of Appeal of Malden, post,* 868 (1974), this court did in fact affirm a decree of the Superior Court which remanded a variance case to a board of appeals.  That case did not discuss either of the points considered in parts 1 and 2 of our opinion in the present case.

*require"* (emphasis supplied).[9]    We know that the Superior Court has in the past (as in this case) construed the quoted language as authority to remand special permit and variance cases to boards of appeals, and we are confident that the continued exercise (in proper circumstances) of the power here confirmed will be in the best interests of litigants and the courts.[10]

2. We are constrained to conclude that the appeals in these cases were taken from an interlocutory decree and were thus prematurely entered in this court.   The portion of c. 40A, § 21, which has just been quoted was immediately succeeded by the following: "The foregoing remedy shall be exclusive, but the parties shall have all rights of appeal and exception *as in other equity cases"* (emphasis supplied).    The italicized words clearly referred to the provisions of G. L. c. 214, § 19 (as amended through St. 1929, c. 265, § 5), which authorized an appeal in an equity case only from a "final decree." The decree entered in the present case is analogous to one which refers a case back to a master for further findings or other action.   It does not finally dispose of the controversy except on the (somewhat unlikely) assumption that the council will decide to grant the special permit sought by the plaintiffs.[11]

We think the present situation must be assimilated to those in which the Superior Court, following receipt of the record of the proceedings before an administrative

---

[9] Statute 1973, c. 1114, § 4, substituted the word "judgment" for the word "decree" but effected no change in the substance of c. 40A, § 21.

[10] What we say here does not necessarily apply to a District Court. The provisions of G. L. c. 40A, § 21, as amended through St. 1973, c. 1114, § 4, with respect to District Court review of a decision of a board of appeals are somewhat different from those quoted in the text of our opinion.   See also St. 1974, c. 78.

[11] A further appeal to the Superior Court by a third party claiming to be aggrieved by any such decision would not be beyond the realm of possibility.

agency, has acted under G. L. c. 30A, § 14(8),[12] to remand a case to the agency for further proceedings. Decrees ordering such a remand have been considered to be interlocutory, and appeals therefrom have been dismissed. See *Marlborough Hosp.* v. *Commissioner of Pub. Welfare,* 346 Mass. 737, 738 (1964); *Metropolitan Dist. Commn.* v. *Department of Pub. Util.* 352 Mass. 18, 30 (1967). Contrast *Massachusetts Gen. Hosp.* v. *Commissioner of Pub. Welfare,* 347 Mass. 24, 29, n. 4 (1964); *Lawrence* v. *State Bd. of Educ.* 357 Mass. 200, 202 (1970). Indeed, the present situation is quite similar to those in which it has been held that an order of an Appellate Division that there be a new trial in a District Court is not a "final decision" (within the meaning of G. L. c. 231, § 109) which the parties are entitled to have reviewed before the new trial is held. See *Orasz* v. *Colonial Tavern, Inc.* 365 Mass. 131, 139 (1974), and cases cited.

Even though the present controversy may not be resolved in the course of the further proceedings before the council, it may well be resolved in the course of ensuing proceedings in the Superior Court. Depending on the action taken by the council and the findings made by it, issues which now seem important may lose their significance or even disappear altogether; if such issues retain any vitality, they may be considered on an appeal from a final judgment of the Superior Court. In addition, the further action of the council may give rise to new issues which cannot be anticipated or resolved at this juncture. We believe that such considerations require us, on the basis of the authorities already cited, to conclude that the present appeals have been taken from an interlocutory decree and must, therefore, be dismissed.[13]

---

[12] "The court may affirm the decision of the agency, or remand the matter for further proceedings before the agency . . .." We do not think it significant that this section expressly authorizes a result which we have reached in this case by the process of statutory interpretation.

[13] We would not reach a different result under the procedures which have obtained since July 1, 1974. Under the provisions of

3. Certain other procedural irregularities should be attended to lest they assume importance in the course of further proceedings.

(a) The bill was improperly brought in the name of a partnership (see *Shapira* v. *Budish,* 275 Mass. 120, 126-127 [1931]) without naming or disclosing the identity of any of the individual partners (contrast *Gordon* v. *Medford,* 331 Mass. 119, 124 [1954]). Nor is such practice permitted by the Massachusetts Rules of Civil Procedure. Rule 17(a) of Mass. R. Civ. P. 365 Mass. 763, requires, with exceptions not here material, that "every action shall be prosecuted in the name of the real party in interest." [14] It is only under Rule 23.2 that an action may be "brought by . . . the members of an unincorporated association *as a class*" (emphasis supplied). The bill should be promptly amended to cure this deficiency.

(b) The word "Final" should be struck from the title of the decree appealed from. The decree should be expanded to include a provision that the Superior Court will retain jurisdiction over the case. *Josephs* v. *Board of Appeals of Brookline,* 362 Mass. 290, 300 (1972). *Williams* v. *Building Commr. of Boston,* 1 Mass. App. Ct. 478, 481 (1973). *Waldron* v. *Board of Appeal of Malden, post,* 868 (1974).

*Appeals dismissed, without costs to any party.*

---

G. L. c. 231, § 113 (as appearing in St. 1973, c. 1114, § 202), an appeal can only be taken from a "final judgment" of the Superior Court. Discretionary relief from interlocutory orders is limited to the circumstances set out in G. L. c. 231, §§ 117 and 118 (as also appearing in said § 202). See also Rule 6(a) of Mass. R.A.P., 365 Mass. 848 (1974).

[14] Rule 17 does not contain a counterpart of Rule 17(b) of Fed. R. Civ. P., which allows an action to be prosecuted by a partnership in the limited circumstances therein stated.