ANDREW F. DEIBEL & another *vs.* ROBERT E. YORKE & another.[1] January 22, 1976. 1. The Superior Court had power to remand the case to the board of appeals (board) for further findings and a statement of the board's reasons for granting-the variance. *Roberts-Haverhill Associates* v. *City Council of Haverhill,* 2 Mass. App. Ct. 715, 717-719 (1974). *O'Brian* v. *Board of Appeals of Brockton,* 3 Mass. App. Ct. 740 (1975). 2. The board was not required to take the further action directed within either of the appeal periods set out in G. L. c. 40A, § 21 (as in effect prior to St. 1973, c. 1114, § 4). The board could and did take its further action within a reasonable time. 3. Nothing in G. L. c. 40A, § 17 (as amended through St. 1973, c. 296, § 2) or § 18 (as amended through St. 1971, c. 1018), required the board to hold a further public hearing in order to consider the evidence taken at the first hearing or make further findings based on that evidence. *Selectmen of Kingston* v. *Board of Appeals of Kingston,* 3 Mass. App. Ct. 704 (1975). The judgment entered on August 23, 1974, is affirmed with double costs from September 23, 1974.

*So ordered.*

The case was submitted on briefs.
*Mary Deibel,* pro se.
*Walter L. Sullivan* for Robert Yorke & *William H. Ohrenberger* for Board of Appeals of Scituate.