COLONIAL ACQUISITION PARTNER-SHIP, Windsor Associates, Steven A. Boughner and Stephen Sloan, Plaintiffs,

v.

COLONIAL AT LYNNFIELD, INC., Lincoln National Corporation, Richard Zipes, and I. David Swawite, Defendants.

No. 86 Civ. 9423 (LLS).

United States District Court,
S.D. New York.

Oct. 12, 1988.

Hopgood, Calimafde, Kalil, Blaustein & Judlowe, New York City (William G. Todd, Porter F. Fleming, of counsel), for plaintiffs.

Parker Chapin Flattau & Klimpl, New York City (Martin G. Bunin, of counsel), Brown Rudnick Freed & Gesmer, Boston, Mass. (Kenneth R. Davis, of counsel), for Colonial at Lynnfield, Inc.

Lane & Mittendorf, New York City (William E. Kelly, of counsel), for Lincoln Nat. Corp.

Scheffler Karlinsky & Stein, New York City (Martin E. Karlinsky, of counsel), for Richard Zipes and I. David Swawite.

## OPINION AND ORDER

STANTON, District Judge.

This case arises out of an unconsummated joint venture between defendant Colonial at Lynnfield, Inc. ("Colonial Lynnfield"), and plaintiff Colonial Acquisition Partnership ("CAP"). Plaintiffs contend that defendant Colonial Lynnfield violated the federal securities laws and that all defendants committed common law fraud. Defendants move to dismiss the complaint pursuant to Fed.R.Civ.P. 9(b), 12(b)(1), 12(b)(6), and for lack of proper venue.

## FACTS AND PRIOR PROCEEDINGS

### I. Background

Accepting as true the allegations in the complaint, in November 1980 Colonial Lynnfield approached Colonial Associates, a New York partnership, with the idea of raising capital for Colonial Lynnfield's Colonial Hilton Inn in Lynnfield, Massachusetts (the "hotel"). Colonial Lynnfield and Colonial Associates executed a purchase and sale agreement (the "Agreement") in contemplation of the sale of 25 limited partnership units by CAP, whose general partner was Colonial Associates. Under the Agreement, CAP would contribute the resulting capital to Colonial Hotel, a Massachusetts limited partnership of which Colo-

nial Lynnfield would be sole general partner. Colonial Lynnfield, for its part, was to contribute its interest in the hotel to Colonial Hotel. When the venture was complete, Colonial Hotel would hold title to the hotel, Colonial Lynnfield would be its sole general partner, and CAP would be its sole limited partner.

CAP subsequently prepared a private offering memorandum and began marketing the limited partnership units in February 1981. Although CAP continued to market the units through June 1981, none were ever sold. Thus, CAP was unable to contribute any capital to the venture. On September 1, 1981 Colonial Lynnfield sold its interest in the hotel to Lincoln National Development Corporation, a now-divested affiliate of defendant Lincoln National Corporation ("LNC").

Plaintiffs assert four causes of action against one or more defendants: violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1982),[1] Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5 (1983),[2] and breach of contract against Colonial Lynnfield because it "delayed and interfered with CAP's opportunity to underwrite the purchase and sale of the limited partnership securities" as required by the Agreement (Complaint, ¶ 22); fraud in the inducement against Swawite and Zipes; and interference with business opportunity against LNC, Swawite and Zipes.[3] Defendants argue that all claims

---

**1.** Section 10(b) provides:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—

(a) ...

(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

**2.** Rule 10b–5 provides:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of

the mails, or of any facility of any national securities exchange—

(a) to employ any device, scheme, or artifice to defraud,

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

**3.** Plaintiffs "have expressly withdrawn their third cause of action for breach of fiduciary duty" (Plaintiffs' Supplemental Memorandum, p. 4, n.*), and their fifth cause of action against Colonial Lynnfield. (Plaintiffs' Memorandum

must be dismissed, asserting that they are barred by the statute of limitations, the doctrines of res judicata, collateral estoppel, and pendent jurisdiction, and plaintiffs' failure to meet pleading requirements.

## II. The Massachusetts Action

On March 24, 1983 Colonial Lynnfield brought suit in the United States District Court in Massachusetts against Stephen Sloan (plaintiff herein), Stephen Sloan Realty Corporation, Richard Zipes (defendant herein), Michael Sherman, and I. David Swawite (defendant herein), as general partners of Colonial Associates, and Lee Robins, Stanley Deitch, Marvin Blaustein, Emerson Markham, and Stephen Boughner (plaintiff herein), as general partners of Windsor Associates (the "Massachusetts action"). (Defendant Colonial at Lynnfield, Inc.'s Memorandum of Law in Support of Motion to Dismiss, p. 7) ("Colonial Lynnfield Memorandum") In that action before Judge John McNaught, Colonial Lynnfield sought to recover liquidated damages because of the Massachusetts defendants' failure to sell the limited partnership units and contribute the resulting capital to Colonial Hotel as required by the Agreement. In their answer, the general partners of Windsor Associates, Sloan and Stephen Sloan Realty Corporation made three counterclaims: breach of contract and fiduciary obligation; wrongful appropriation of partnership obligations; and violation of Massachusetts General Laws Ch. 93A (deceptive business practices). (*Id.*, Exhibit 4)

Colonial Lynnfield moved for summary judgment with respect to the Massachusetts defendants' counterclaims. Judge McNaught's Memorandum and Order of October 9, 1985 held that the Agreement did not establish a joint venture or partnership and therefore Colonial Lynnfield did not owe a fiduciary duty to the defendants therein. (*Id.*, Exhibit 1) Accordingly, Judge

McNaught dismissed all of the defendants' counterclaims.

A bench trial regarding the breach of contract claim took place during the week of December 14, 1987. On March 31, 1988 Judge McNaught issued Findings of Fact and Conclusions of Law. Judgment in favor of the plaintiff was entered in the amount of $200,000 on April 13, 1988. The gist of Judge McNaught's holding was that CAP's failure to sell the limited partnership units was its own fault, and not that of Colonial Lynnfield.

## DISCUSSION

### I. Statute of Limitations

When a federal statute does not specify a limitations period, a federal court must refer to the forum state's applicable statute. *Arneil v. Ramsey*, 550 F.2d 774, 779 (2d Cir.1977); *accord Lang v. Paine, Webber, Jackson & Curtis, Inc.*, 582 F.Supp. 1421, 1422 (S.D.N.Y.1984); *Posner v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 469 F.Supp. 972, 977 (S.D.N.Y.1979). Section 202 of N.Y. C.P.L.R. provides for the "borrowing" of another state's statute of limitations period when a nonresident plaintiff sues in New York on a cause of action which accrued in another state:

An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

Section 202 is intended to prevent nonresidents from forum shopping to take advantage of a longer New York limitations period, by requiring such plaintiffs to meet the relevant limitations period of both New

in Opposition, p. 2) Plaintiffs' statements that they "reserve their right to amend the Complaint by adding additional claims for breach of contract, fraud in the inducement and violations of the Martin Act, McKinney's, General Business Law, §§ 339–a and 352–c" against certain defendants, and that they will "move for

leave to file an amended complaint which asserts the federal cause of action (securities fraud) against Zipes and Swawite" (Plaintiffs' Memorandum in Opposition, p. 2–3), however, have no effect on this motion to dismiss and, given the disposition of this motion, leave to amend the complaint is denied.

York and the state where the cause of action accrued. *See Stafford v. International Harvester Co.*, 668 F.2d 142, 147–48 (2d Cir.1981); *Antone v. General Motors Corp.*, 64 N.Y.2d 20, 484 N.Y.S.2d 514, 517, 473 N.E.2d 742, 745 (1984).

Colonial Lynnfield contends that the cause of action accrued in Massachusetts under the "significant interests" or "grouping of contacts" test. (Colonial Lynnfield Memorandum, p. 25) Because section 410(e) of the Massachusetts Blue Sky Law provides for a two year limitations period and plaintiffs did not file this action until December 8, 1986, Colonial Lynnfield argues that plaintiffs' first cause of action is time-barred. (*Id.*, p. 29–30)

Plaintiffs contend that New York's borrowing statute does not apply because neither of its conditions is met. First, all plaintiffs, including CAP, are residents of New York since "a partnership has no residence distinct from the residence of its constituent partners." (Plaintiffs' Memorandum, p. 21) Second, the "place of injury" is the appropriate test and under it, a plaintiff's residence determines where the cause of action accrued. Consequently, plaintiffs were within New York's six year statute of limitations.

Case law supports both plaintiffs' assertion that courts utilize the "place of injury" test and defendant's opposing view that the "significant interests" test applies when courts determine where the cause of action accrued. But despite defendant's contention that "the trend" in New York is toward the significant interests test, such is not the case. Distinguishing Judge Ward's opinion in *Natural Resources Corp. v. Royal Resources Corp.*, 427 F.Supp. 880 (S.D.N.Y.1977), on which defendant relies, Judge Conner explained in *Lang v. Paine, Webber, Jackson & Curtis, Inc.*, 582 F.Supp. at 1425:

> Although some lower courts—apparently motivated by the conviction that the "grouping of contacts" [or significant interests] approach consistently provides far more rational results than the old "place of injury" rule—have hypothesized that New York's highest court

would apply the "modern" conflict of laws analysis to the borrowing statute, the Second Circuit Court of Appeals has consistently held that it would not.

The clear, and recent, majority of courts in this Circuit have applied the place of injury test, "normally the plaintiff's residence." *See e.g., Arneil*, 550 F.2d at 779; *Sack v. Low*, 478 F.2d 360, 366 (2d Cir.1973); *Grosser v. Commodity Exchange, Inc.*, 639 F.Supp. 1293 (S.D.N.Y.1986); *Appel v. Kidder, Peabody & Co., Inc.*, 628 F.Supp. 153 (S.D.N.Y.1986); *Posner v. Merrill Lynch*, 469 F.Supp. at 979; *Maiden v. Biehl*, 582 F.Supp. 1209 (S.D.N.Y.1984).

█ In order to apply the test here, the residence of each plaintiff must be established. Both individual plaintiffs, Boughner and Sloan, have their principal residences in New York. (Complaint, ¶ 3, 4) Four of the five general partners of Windsor Associates, a New York partnership, reside in New York. (Colonial Lynnfield Memorandum, Exhibit 4) As for CAP, its sole general partner is Colonial Associates, a New York partnership made up of eight New York residents. In light of the holding in *ITC Entertainment, Ltd. v. Nelson Film Partners*, 714 F.2d 217, 222 n. 5 (2d Cir.1983) ("under New York law a partnership has no residence distinct from the residences of the partners"), both CAP and Windsor Associates are also New York residents, and the impact of the economic injury occurred in New York.

Accordingly, the borrowing statute does not apply. Since N.Y. C.P.L.R. section 213(8) provides for a six year limitations period, plaintiffs' first cause of action is not time-barred.

## II. Res Judicata

Under the doctrine of res judicata,

> A valid, final judgment on the merits is a bar to a subsequent action between the same parties, or those in privity with them, upon the same claim or demand. Such a judgment precludes the subsequent litigation both of issues actually decided in determining the claim asserted in the first actions and of issues that

could have been raised in the adjudication of that claim. *National Labor Relations Board v. United Technologies Corp.*, 706 F.2d 1254, 1259 (2d Cir.1983) (citations omitted); *accord Murphy v. Gallagher*, 761 F.2d 878 (2d Cir.1985). The doctrine recognizes that "[n]o significant harm flows from enforcing a rule that affords a litigant only one full and fair opportunity to litigate an issue, and ... there is no sound reason for burdening the courts with repetitive litigation." *Collard v. Incorporated Village of Flower Hill*, 604 F.Supp. 1318, 1322 (E.D. N.Y.1984), *aff'd*, 759 F.2d 205 (2d Cir.), *cert. denied*, 474 U.S. 827, 106 S.Ct. 88, 88 L.Ed.2d 72 (1985).

■ Res judicata entails a three-part test: (1) a final judgment on the merits by a court of competent jurisdiction; (2) the same parties, or their privies, as parties to the first judgment; and (3) the same cause of action in the second proceeding. *In re Teltronics Services, Inc.*, 762 F.2d 185, 190 (2d Cir.1985). Defendants argue that under this test, the judgment in the Massachusetts action precludes plaintiffs' claims in this litigation. (Colonial Lynnfield Memorandum, p. 36–41).[4]

A. Final Judgment on the Merits

■ Judge McNaught rendered partial summary judgment in October 1985, ruling that the Agreement did not establish a joint venture or partnership between Colonial Lynnfield and Colonial Associates.[5] On April 13, 1988 Judge McNaught entered a final judgment in favor of Colonial Lynnfield. Thus, the first requirement for the doctrine has been satisfied.

B. Identity of Parties

Whether the parties to both proceedings are the same is

[a] factual determination of substance, not mere form. Generally speaking, one whose interests were adequately represented by another vested with the authority of representation is bound by the judgment, although not formally a party to the litigation. While often justified by the doctrine of privity, the theory underlying this general proposition is that the party bound is in substance the one whose interests were at stake in the prior litigation.

*Expert Electric, Inc. v. Levine*, 554 F.2d 1227, 1233 (2d Cir.) (citation omitted), *cert. denied*, 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed. 2d 190 (1977). *See also In re Teltronics Services, Inc.*, 18 B.R. 705, 706 (E.D.N.Y. 1982) ("substance rather than form determines the scope of identity of parties"); *Linda Scott, a Partnership, consisting of Harold Beeten, Edward Frank and S.M. Slosberg, Partners v. United States*, 354 F.2d 292, 299 (Ct.Cl.1965) (manner in which partnerships bring suit "does not usually determine the way courts will view them for a particular purpose, and is generally no more than a matter of form or preference. The choice of how to deal with partnerships in various contexts must be based on weightier considerations of substance.")

Stephen Sloan and Steven Boughner are named in each action and, therefore, are identical parties.

Defendants argue that "[w]hile the [remaining] New York plaintiffs are not identical in all respects to the defendants in the Massachusetts action, the establishment of privity between the parties in the actions rests on the existence of a sufficient identity of interest between them." (Memorandum of Law of Colonial at Lynnfield, Inc. in Support of Motion to Dismiss, p. 10)

---

**4.** Both parties submitted briefs on this motion after Judge McNaught rendered partial summary judgment in the Massachusetts action, but before trial. Subsequently, on January 14, 1988, this court requested briefing on the issue of compulsory counterclaims. Shortly after those briefs were received, defendants notified the court that Judge McNaught had issued findings of fact and conclusions of law, and later entered final judgment. Therefore, on May 4, 1988, this court requested further briefing on

the issue of res judicata. Because the doctrine of res judicata serves as a bar to this litigation, the issue of compulsory counterclaims is not reached.

**5.** *See Michelson v. Merrill Lynch, Pierce, Fenner & Smith*, 619 F.Supp. 727, 733 (S.D.N.Y. 1985) (claims adjudicated through summary judgment are regarded as final judgments on the merits).

With respect to Windsor Associates, Fed.R.Civ.P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Defendants correctly point out that Massachusetts law requires a partnership to sue or be sued by naming all of the partners individually. *See Gorovitz v. Planning Board of Nantucket,* 394 Mass. 246, 475 N.E.2d 377, 380 (1985) (all partners must be parties to suit involving rights of limited partnership); *Roberts–Haverhill Associates v. City Council of Haverhill,* 2 Mass.App.Ct. 715, 319 N.E.2d 916, 920 (1974) (improper to bring suit in name of partnership without disclosing identity of any individual partners). Since all of Windsor Associates' general partners were sued in the Massachusetts action in their capacity as general partners, sufficient identity exists for purposes of res judicata.

With respect to CAP, plaintiffs argue that only CAP has standing to assert the Rule 10b–5 claim, and "it could not sue in its partnership capacity under Massachusetts law." (Plaintiffs' Memorandum on the Res Judicata and Collateral Estoppel Issue, p. 12) ("Res Judicata Memorandum") Plaintiffs cite the *Roberts–Haverhill Associates* case in support of this proposition.

In the Massachusetts action, however, all general partners of Colonial Associates were named in their capacities as general partners. Since Colonial Associates, in turn, was CAP's sole general partner, it could have raised the alleged federal securities law violations as a counterclaim in its capacity as CAP's general partner.

Thus, sufficient identity of parties exists with respect to all plaintiffs.

### C.  Identity of Issues

To determine whether the issues in the second proceeding are the same as those in the first, this Circuit looks to a variety of factors:

> ... whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the

facts essential to the second were present in the first.

*NLRB v. United Technologies Corp.,* 706 F.2d at 1260. *Accord Tucker v. Arthur Andersen & Co.,* 646 F.2d 721, 727 (2d Cir.1981). The "crucial element [is the] factual predicate of the several claims asserted. For it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Expert Electric, Inc. v. Levine,* 554 F.2d at 1234.

The crux of plaintiffs' securities law claim alleges that (Complaint, ¶ 25):

> Colonial Lynnfield has engaged in deceptive and manipulative conduct by repeatedly attempting to modify the terms of the purchase and sale Agreement, failing to meet with potential investors, failing to provide accurate and complete financial information and attempting independently to market an interest in the Hotel to Lincoln National.

Plaintiffs argue that "the Massachusetts action was directed to the narrowly defined liquidated damages provision" (Plaintiffs' Supplemental Memorandum, p. 10), whereas their securities law claim is a "broader, different cause of action involving diverse facts, evidentiary standards, elements of proof, issues and parties which are unrelated to Colonial Lynnfield's first filed claim for liquidated damages." (Res Judicata Memorandum, p. 9)

Judge McNaught's Findings of Fact and Conclusions of Law, however, belie this contention. Judge McNaught fully discussed the plans to sell limited partnership interests during the spring of 1981 (p. 4, 8), the reasons for the modifications to the Agreement (p. 4–6), and Colonial Lynnfield's sale to LNC (p. 7–8), and held (p. 7–8):

> I conclude that the fault in this case lies solely with the defendants. I agree with the plaintiff that the obvious fact was that defendants could not sell enough units ... The conduct of Colonial [Lynnfield] had nothing to so with this lack of success....

It was the defendants who failed to perform. Non-performance by the defendants led to Colonial's deal with Lincoln.

 In short, Judge McNaught reviewed the same facts underlying the "series of transactions" between Colonial Lynnfield and CAP that are the subject of this lawsuit. All that is different here is plaintiffs' theory of recovery, a distinction that does not defeat the application of res judicata. *See Collard v. Incorporated Village of Flower Hill*, 604 F.Supp. at 1323 (res judicata "does not require a showing that the issue in the prior litigation was framed in the same language or that the same theory of liability was charged ... The basis of establishing an identity of issues is broader and more practical."); *accord Herendeen v. Champion International Corp.*, 525 F.2d 130, 134 (2d Cir.1975). Accordingly, plaintiffs' first cause of action is dismissed.

### III. Pendent Jurisdiction

Plaintiffs assert that under the doctrine of pendent jurisdiction, this court may decide the remaining state causes of action. (Complaint, ¶ 9)

In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court held that pendent jurisdiction "exists whenever there is a claim arising under the Constitution, the Laws of the United States, and Treaties ..., and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case." (citation omitted) (footnote omitted) More important for the purposes of this motion, however, the Court went on to state that "[c]ertainly if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.* at 726, 86 S.Ct. at 1139. *Accord McLearn v. Cowen & Co.*, 660 F.2d 845, 848 (2d Cir.1981). Plaintiffs' second, fourth, and fifth causes of action, therefore, are dismissed.

### CONCLUSION

Defendants' motions to dismiss are granted. The Clerk of the Court shall dismiss the complaint.