**John F. BIGDA, Plaintiff,**

v.

**FISCHBACH CORPORATION,
Defendant.**

**No. 92 Civ. 2226 (RLC).**

United States District Court,
S.D. New York.

July 27, 1994.

Law Offices of Andrew S. O'Connor, New York City (Andrew S. O'Connor, of counsel), for plaintiff.

Patterson, Belknap, Webb & Tyler, New York City (Ellen M. Martin, of counsel), for defendant.

## OPINION

ROBERT L. CARTER, District Judge.

The background of this case is set out in an opinion, dated April 19, 1994, with which familiarity is assumed (the "Opinion"). Plaintiff presently seeks leave to file a Second Amended Complaint, which complaint contains three additional causes of action (the "Seventh," "Eighth," and "Ninth" causes of action, respectively). Pursuant to a conference with both parties on July 13, 1994 (the "Conference"), the court denied plaintiff's request to add the Seventh and Ninth causes of action because they merely restated claims previously dismissed in the Opinion, but the court agreed to consider further plaintiff's request to add the Eighth cause of action. This cause of action seeks a declaration from the court that section 3 of Bigda's employment agreement is unenforceable to the extent that it subjects Bigda's benefits under the Fischbach Senior Executive Benefit Plan (the "Plan")[1] to forfeiture, if, prior to the age of 65, plaintiff accepts employment that the Fischbach Board of Directors deems competitive with Fischbach or any of its subsidiaries (the "Forfeiture Provision"). The Eighth cause of action also seeks a declaration that Bigda's entitlement to his benefits under the Plan is unconditional.

Bigda claims that the Forfeiture Provision is invalid under both the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") and New York law. Defendant claims that ERISA does not prohibit forfeiture provisions in benefit plans like the Plan, and that the statute would preempt any state law claim. Defendant also claims that the Eighth cause of action should be precluded because it merely restates plaintiff's Fifth cause of action—which was dismissed pursuant to the Opinion—and is

"just another argument that [Bigda's] right to ... Plan benefits is presently unconditional." (Letter from Ellen Martin to the Court of 7/8/1994, at 3.)

■ With respect to Bigda's ERISA claim, § 1053 of ERISA states, in relevant part, that "[e]ach pension plan shall provide that an employee's right to his normal retirement benefit is nonforfeitable upon the attainment of normal retirement age ..." 29 U.S.C.A. § 1053(a). However, § 1051 of ERISA specifically exempts from this protection against forfeiture any plan "which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees." 29 U.S.C.A. § 1051(2). Defendant asserts that this provision exempts the Plan from protection under § 1053.

■ Despite plaintiff's claim, made during the Conference, that the Plan was not a deferred compensation plan, the court has found no support for this contention. Generally, plans designed to pay benefits upon an employee's retirement, disability, death or other termination of employment have been considered deferred compensation plans for the purposes of ERISA. *See, e.g., Healy v. Rich Prods. Corp.*, 981 F.2d 68, 70 (2d Cir. 1992). Further, plaintiff has made no claim that the plan is funded, and has elsewhere acknowledged that the Plan was for Fischbach's "key management employees." (Pl.Local Rule 3(g) Statement ¶ 20.) Therefore, the court believes that the Plan falls within the § 1051(2) exception to the nonforfeitability requirements of ERISA.

■ While no cause of action exists under ERISA, plaintiff may still have a claim under New York law. Defendant, however, in reliance upon § 1144 of ERISA, argues that ERISA would preempt any state law claim. Section 1144 states that, among other provisions, the provisions concerning the nonforfeitability of employee pension benefits "shall supersede any and all State laws insofar as they may now or hereafter relate to any

---

1. According to plaintiff, such benefits had, as of April 1, 1993, a present value of $77,572, with an anticipated value in excess of $400,000 as of Bigda's 65th birthday.

48

employee benefit plan described in section 1003(a) of this title ..." 29 U.S.C.A. § 1144. But § 1003(a) excepts from its description of an "employee benefit plan" a plan "as provided in section[ ] 1051," and the Second Circuit has held that "under 29 U.S.C. § 1144(a), benefit plans that are themselves exempted from ERISA coverage are excepted from preemption." *Stone & Webster Engineering Corp. v. Ilsley,* 690 F.2d 323, 329 (2d Cir. 1982), *aff'd* 463 U.S. 1220, 103 S.Ct. 3564, 77 L.Ed.2d 1405 (1983); *see also Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523 n. 20, 101 S.Ct. 1895, 1906 n. 20, 68 L.Ed.2d 402 (1981) ("ERISA's preemption clause exempts state laws relating to pension plans that do not fall within the Act's coverage"). Therefore, because the Plan is exempted from ERISA coverage pursuant to § 1051(2), state law relating to the plan is not preempted under § 1144(a), and the court cannot at this point conclude that Bigda's claim under New York law is dismissible on its face. *Accord Healy,* 981 F.2d at 71–72 (rejecting district court's conclusion that where forfeiture provisions permissible no vesting of rights could occur, and looking to general principles of contract interpretation to determine meaning of "vesting"); *Sarnoff v. American Home Prods. Corp.,* 607 F.Supp. 77, 78–80 (N.D.Ill.1985), *aff'd in part and rev'd in part on other grounds,* 798 F.2d 1075 (7th Cir.1986) (after parties stipulated that management incentive plan exempted from ERISA under § 1051(2), court analyzed noncompetition clause under state law).

■ The question remains whether the Eighth cause of action—as it relates to a claim under New York law—is precluded by virtue of the court's dismissal of the Fifth cause of action. In his Fifth cause of action, Bigda alleged that defendant had repudiated its obligations to him under the Plan following the American Insurance Group's acquisition of Fischbach in 1990, (*see* Bigda Decl. ¶¶ 41–42), and that as early as 1985 Fischbach had breached its obligations to Bigda under the employment agreement by discontinuing its practice of including salary increases in the calculation of Plan benefits. (Pl.Reply Mem., at 39–40.) The court found plaintiff's claim of anticipatory breach unsupported by the record, and concluded that,

even if Fischbach had otherwise breached the employment agreement by failing to include salary increases in benefit calculations, the doctrine of election prevented Bigda from suing for such a breach. (Opinion, at 19.)

Although defendant may be correct that in both claims Bigda sought to establish his unconditional right to Plan benefits, the issues raised in the two claims lack the necessary identity for preclusion to apply. *Cf. Colonial Acquisition Partnership v. Colonial at Lynnfield, Inc.,* 697 F.Supp. 714, 719–20 (S.D.N.Y.1988) (Stanton, J.). The Fifth cause of action concerned anticipatory repudiation and failure to maintain the then current method of benefit calculation, whereas the Eighth cause of action concerns the enforceability of a forfeiture provision. In other words, while the Fifth cause of action focused upon specific acts of Fischbach management first after 1985 and then in 1990, the Eighth cause of action focuses not on the actions of Fischbach management—let alone the same actions as implicated in the Fifth cause of action—but rather on the interpretation of a contractual provision. Therefore, given the dissimilar factual bases of the two claims and in light of public policy considerations disfavoring forfeiture, *see Post v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 48 N.Y.2d 84, 88, 421 N.Y.S.2d 847, 849, 397 N.E.2d 358, 360 (1979), the court grants plaintiff's request to add the Eighth cause of action, as modified by this Endorsement.

Finally, neither party has requested any additional discovery in respect of the Eighth cause of action, and none will be granted on this or any other claim of plaintiff or defendant.

**IT IS SO ORDERED.**