COLONIAL GAS COMPANY, Plaintiff,

v.

The AETNA CASUALTY & SURETY COMPANY, Defendant.

Civ. A. No. 89–1106–WD.

United States District Court,
D. Massachusetts.

Dec. 3, 1991.

Ralph D. Gants, Scott P. Lewis, Tamara S. Wolfson, Palmer & Dodge, Boston, MA, for plaintiff.

James L. Ackerman, Robert A. Whitney, Day, Berry & Howard, Boston, MA, for defendant.

ORDER RE: QUALIFICATION OF PLAINTIFF'S COUNSEL AND DEFENDANT'S MOTION FOR DISQUALIFICATION (DOCKET ENTRY # 71)

BOWLER, United States Magistrate Judge.

By Order dated September 24, 1991, this court directed plaintiff Colonial Gas Com-

pany's counsel ("plaintiff's counsel"), to file a brief regarding the likelihood of his testimony at trial and the conflict, if any, that may arise under Model Code of Professional Responsibility DR 5–102, Supreme Judicial Rule[1] 3:07. (Docket Entry # 64, n. 5). 139 F.R.D. 269. On October 15, 1991, plaintiff's counsel filed a brief (Docket Entry # 69) and, on November 5, 1991, defendant Aetna Casualty & Surety Company filed a response[2] seeking disqualification of plaintiff's counsel under Model Code of Professional Responsibility DR 5–101(B), S.J.C. Rule 3:07. (Docket Entry # 71). On November 25, 1991, this court heard argument on the qualification of plaintiff's counsel and took the matter under advisement.

## BACKGROUND

The plaintiff filed this action seeking damages for denial of comprehensive general insurance coverage in connection with the defendant's refusal to reimburse the plaintiff for the plaintiff's $600,000 payment to the Massachusetts ureaformaldehyde foam insulation trust fund ("UFFI trust fund"). The plaintiff made the trust fund donations under a statutory program sponsored by the Massachusetts Department of Public Health ("DPH") to compensate owners of ureaformaldehyde foam insulated homes.

Plaintiff's counsel participated in the settlement negotiations between the plaintiff and the DPH. On December 14, 1987, after negotiating with the DPH, the plaintiff paid $600,000 dollars into the UFFI Trust Fund. (Docket Entry # 1, ¶¶ 23 & 31; Docket Entry # 61, ¶ 13).

At a deposition regarding the DPH negotiations conducted on April 25, 1991, the plaintiff designated the plaintiff's counsel as its representative under Fed.R.Civ.P. 30(b)(6). At the deposition, plaintiff's counsel refused to answer a number of questions on the grounds of attorney client privilege. In addition, while supplying the defendant with approximately 20,000 documents, the plaintiff refused to supply approximately 550 other documents on the grounds of attorney client privilege and work product doctrine. A large segment of the withheld documents involve the plaintiff's negotiations with the DPH.

In considering the issue of privilege, this court *sua sponte* raised the issue of disqualification. (Docket Entry # 64, n. 5). The defendant now seeks to use this issue to disqualify the plaintiff's counsel and the plaintiff's law firm in its representation of the plaintiff. (Docket Entry # 71).

## DISCUSSION

Disciplinary Rule 5–101(B), S.J.C. 3:07, dictates that counsel may not accept employment if it is obvious that counsel ought to be called as a witness.[3] Disciplinary Rule 5–102(A) and (B), S.J.C. Rule 3:07, respectively address separate situations which may occur after an attorney undertakes employment. *See Borman v. Borman*, 378 Mass. 775, 393 N.E.2d 847, n. 22 (1979) (illustrating distinction between Model Code of Professional Responsibility DR 5–102(A) and (B), S.J.C. Rule 3:07). Subsection (A) addresses disqualification if the attorney ought to testify on behalf of his or her client.[4] Subsection (B) addresses

---

1. Hereinafter "S.J.C."

2. Although captioned as a response to the plaintiff's brief, this court construes the defendant's pleading (Docket Entry # 71) as a motion for disqualification.

3. Model Code of Professional Responsibility DR 5–101(B), S.J.C. Rule 3:07, therefore addresses the issue of disqualification prior to acceptance of employment when an attorney knows or it is obvious that he ought to be called as a witness. The rule provides as follows:

   A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm

ought to be called as a witness, except that he may undertake employment and he or a lawyer in his firm may testify:

... (4) As to any matter, if refusal would work a substantial hardship on the client because of the *distinctive value* [emphasis added] of the lawyer or his firm as counsel in the particular case.

4. Model Code of Professional Responsibility DR 5–102(A), S.J.C. Rule 3:07, provides that:

   If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness *on behalf of his*

disqualification if an attorney is called to testify by an opposing party.[5]

■ As an initial matter, this court disapproves of the use of a disqualification motion as a litigation tactic.

In acting upon a motion for disqualification, this court is well aware that it should proceed with "deliberate caution." *Rizzo v. Sears, Roebuck and Company*, 127 F.R.D. 423, 424 (D.Mass.1989). Both the "high cost upon litigants and upon the court system militate against the indiscriminate allowance of disqualification motions." *Gorovitz v. Planning Board of Nantucket*, 394 Mass. 246, 475 N.E.2d 377, 380 (1985). Moreover, disqualification motions are oftem used as tactical weapons. *See Borman v. Borman*, 378 Mass. 775, 393 N.E.2d 847, 855 & n. 18 (1979) (recognizing improper use of code as weapon in litigation); *Gorovitz v. Planning Board of Nantucket*, 394 Mass. 246, 475 N.E.2d 377, n. 7 (1985) (use of disqualification motions as harassment and dilatory tactics taxes court resources). As recognized by one court, the rules themselves have a "self-regulatory effect." *Serody v. Serody*, 19 Mass.App.Ct. 411, 474 N.E.2d 1171, 1173 (1985).

■ Disqualification is not required in every case in which an attorney could give testimony on behalf of his client. *Srebnick v. Lo–Law Transit Management*, 29 Mass. App.Ct. 45, 557 N.E.2d 81, 81 (1990). Merely "because an attorney ought to be called as a witness does not mean that disqualification is required in every situation." *Rizzo v. Sears, Roebuck and Company*, 127 F.R.D. at 425. "[W]hen a lawyer, exercising his best judgment, determines that his employment will not bring

him into conflict with the code, disqualification may occur only if the trial court determines that his continued representation as counsel taints the legal system or the trial of the cause before it." *Gorovitz v. Planning Board of Nantucket*, 475 N.E.2d at 380 (quoting *Borman v. Borman*, 393 N.E.2d at 856).

■ First and foremost, the issue of disqualification under either Model Code of Professional Responsibility DR 5–101 or DR 5–102 is premature. *See Borman v. Borman*, 393 N.E.2d at 857–856 (determination may be deferred until more is known); *Srebnick v. Lo–Law Transit Management*, 557 N.E.2d at 81 (disqualification deemed premature). In this instance, there is little, if any, indication that plaintiff's counsel will be called as a witness. The plaintiff maintains that it will not call plaintiff's counsel as a witness. At the November 25, 1991, hearing, the defendant gave this court no indication that the defendant intended to call plaintiff's counsel as a witness.[6] This court therefore defers to the best judgment of plaintiff's counsel until such time as the decision to forego plaintiff counsel's testimony appears obviously contrary to the plaintiff's interests. *Srebnick v. Lo–Law Transit Management*, 557 N.E.2d at 81 (similar approach utilized).

Although this court bases its decision on the above ground, even if plaintiff's counsel is called as a witness, prejudice is unlikely under Model Code of Professional Responsibility DR 5–102(B), S.J.C. Rule 3:07, and therefore disqualification is not required. *See Serody v. Serody*, 474 N.E.2d at 1173 (only paradigm for com-

client, [emphasis added] he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B), (1) through (4).

5.  Model Code of Professional Responsibility DR 5–102(B), S.J.C. Rule 3:07 states that:
    If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm

may be called as a witness *other than on behalf of his client*, [emphasis added] he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

6.  Subject to certain conditions, a party may call opposing counsel as a witness. However, "the party who calls the witness has no right to require him to withdraw as counsel." *Borman v. Borman*, 393 N.E.2d at 858.

pelled withdrawal is when lawyer testifies *against* client).

The defendant contends that plaintiff's counsel accepted employment when it was obvious that he ought to be called as a witness under Model Code of Professional Responsibility DR 5–101(B), S.J.C. Rule 3:07. This argument, however, belies the fact that there are other individuals with information about the DPH negotiations. The testimony of plaintiff's counsel may be extraneous insofar as Robert L. Quinn and Priscilla B. Fox also participated in the DPH negotiations. Even assuming, *arguendo,* that plaintiff's counsel ought to be called, the value of his services to the plaintiff appears distinctive under Model Code of Professional Responsibility DR 5–101(B)(4), S.J.C. Rule 3:07. Plaintiff's counsel has a longstanding professional relationship with the plaintiff, this litigation, and prior related litigation. *See* ABA Formal Op. 339 (1975) (interpreting Model Code of Professional Responsibility DR 5–101(B) and Model Code of Professional Responsibility DR 5–102(A)).[7]

## CONCLUSION

For reasons stated above, this court finds disqualification of plaintiff's counsel is premature at this time. The defendant's motion to disqualify (Docket Entry # 71) is DENIED.

---

**7.** Interpreting exception (4) of Model Code of Professional Responsibility DR 5–101(B), the opinion states:

> Similarly, a long or extensive professional relationship with a client may have afforded a lawyer, or a firm, such an extraordinary familiarity with the client's affairs that the value

to the client of representation by that lawyer or firm in a trial involving those matters would clearly outweigh the disadvantages of having the lawyer, or a lawyer in the firm, testify to some disputed and significant issue. ABA Formal Op. 339 (1975).