MARTHA ELLEN BYINGTON *vs.* CITY OF BOSTON. No. 94-P-447. August 3, 1994. *Attorney at Law*, Attorney as witness, Disqualification. *Witness*, Attorney as witness.

The plaintiff, whose husband was, until March 20, 1990, chief of litigation in the city's law department, sued the city on August 25, 1993, for injuries she incurred two months before stepping from a curb into a crosswalk at the corner of Stuart and Clarendon Streets. She is represented by Mr. J. Daniel Lindley, an associate in her husband's law firm. She appeals from an order disqualifying Mr. Lindley as her counsel "on the ground that [his] continued representation of [the] plaintiff would 'taint the legal system,' see *Borman* v. *Borman*, 378 Mass. 775 [,788] (1979), in light of *both* the interrogatory answer identifying [the plaintiff's husband] as a person having knowledge of his wife's accident *and* [his] prior relationship with the City of Boston" (emphasis original). The interrogatory answer referred to listed the husband as one having knowledge of facts set forth in the complaint, the facts being (as disclosed by affidavits) those relating to the extent of the plaintiff's pain, suffering, and inability to carry on her usual pursuits.

An attorney is generally not permitted simultaneously to serve as counsel for a party to litigation and to give testimony concerning material facts other than those of a formal or uncontested nature. See S.J.C. Rule 3:07,

Canons of Ethics and Disciplinary Rules Regulating the Practice of Law DR 5-101(B), 382 Mass. 779 (1981). The prohibition, where applicable, applies not only to the attorney who is to be a witness but to other attorneys in his law firm. Disciplinary Rule 5-102(A), 382 Mass. 780 (1981). The disqualification rule, however, is primarily "self-executing." *Borman* v. *Borman, supra* at 787. Because its purpose is to protect the right of the client to his attorney's testimony, *id.* at 790, which may be discounted by the jury if the attorney also appears in the role of counsel at the trial, the *Borman* decision expects judges to defer generally to the judgment of the attorney and client as to whether the attorney ought to be a witness or whether there exist equally efficacious ways of putting the gist of his expected testimony before the jury. See *Gorovitz* v. *Planning Bd. of Nantucket*, 394 Mass. 246, 250 (1985); *Serody* v. *Serody*, 19 Mass. App. Ct. 411, 413 (1985). Here the husband's testimony as to his wife's pain and suffering would naturally be viewed by the jury as self-interested. The wife's own testimony, supported by that of physicians and other disinterested health care professionals, should suffice for the purpose. It is thus not clear that the husband *ought* to be called as a witness (and, according to Mr. Lindley at argument, he has no intention of calling the husband as a witness). In the circumstances, we see no basis for the judge's conclusion that representation by the husband's firm, necessitating forgoing the husband's testimony, would "taint[] the legal system or the trial of the [wife's] cause . . . ." *Borman* v. *Borman*, 378 Mass. at 788. Compare *Byrnes* v. *Jamitkowski*, 29 Mass. App. Ct. 107, 109-110 (1990).

*Order disqualifying plaintiff's counsel*
*reversed.*

*J. Daniel Lindley* for the plaintiff.
*Mary Jo Harris*, Assistant Corporation Counsel, for the defendant.