Houston, J.
The defendants in this contract action seek an order to disqualify plaintiffs’ counsel pursuant to S.J.C. Rule 3:07 and Disciplinary Rule 5-102(B), and plaintiffs oppose Defendants’ Motion. Under DR 5-102(B), when a lawyer, exercising his best judgment, determines that his employment will not bring him into conflict with the code, disqualification may occur only if the trial court determines that his continued participation as counsel taints the legal system or the trial of the cause before it. Grovitz v. Planning Board of Nantucket, 394 Mass. 246, 250 (1985); Borman v. Borman, 378 Mass. 775, 788 (1979).
The defendants claim attorneys from the law firm of Lane & Altman, including Peter Johnson and John Drew, cannot continue as counsel for North Framingham Realty Trust (“NFR”) since they will necessarily be called to testify as witnesses to 1) NFR’s Agreement for Judgment and Memorandum of Agreement in its Summary Process action against defaulting lessee, Rain Enterprises, and 2) NFR’s alleged failure to mitigate Rain Enterprise’s post-bankruptcy petition rent arrearages. The plaintiffs claim the information sought from plaintiffs’ counsel is unnecessary to require the withdrawal of counsel and can be obtained from other sources.
The court should always be alert that the Canons of Ethics are not brandished for tactical advantage. Serody v. Serody, 19 Mass.App.Ct. 411, 414 (1985). When the prejudice to the client is most likely, perhaps even apparent, it is appropriate for the trial court to require the withdrawal of counsel. Id at 415. The information sought from plaintiffs’ attorneys is only marginally relevant to the trial of this action to determine whether the defendant is the primary obligor of the lease. Therefore, there has been an insufficient showing of prejudice to the plaintiff and plaintiffs’ attorneys shall not be required to withdraw as counsel.
ORDER
For the foregoing reasons, Defendants’ Motion to Disqualify Plaintiffs’ Counsel is DENIED.