Burnes, J.
The plaintiff, Ilwita Forgue (“Ms. For-gue”), brought this action against the defendant, Josué Forgue (“Mr. Forgue”), to recover for personal injuries sustained by herself and their son, Kenneth Forgue (“Kenneth”), as a result of Mr. Forgue’s alleged negligence in a 1996 automobile accident. Mr. Forgue now moves to disqualify attorney Ernest Guerrier (“Attorney Guerrier”), Ms. Forgue’s attorney, from representing her in this matter on the grounds that Attorney Guerrier previously represented him in a prior personal injury matter arising out of the 1996 accident. For the following reasons, the defendant’s motion is DENIED.

BACKGROUND

On September 23, 1996, Ms. Forgue, Kenneth and Mr. Forgue were in an automobile accident that occurred in Connecticut. Ms. Forgue and Kenneth were passengers in the automobile owned and operated by Mr. Forgue. Ms. Forgue suffered a broken arm and required extensive medical treatment. Similarly, Kenneth, who was five weeks old at the time, suffered a broken arm and was hospitalized. In October 1996, Mr. Forgue and Ms. Forgue on their own behalf and on behalf of their son Kenneth retained attorney Steven R. Witman (“Witman”) in order to recover personal injury protection (“PIP”) funds from their insurer, Berkshire Mutual Insurance Company (“Berkshire Mutual”). On March 12, 1998, Witman wrote to Jay Landini (“Landini”) of Berkshire Mutual to inform Landini that he no longer represented Ms. Forgue and Kenneth because they had retained another attorney and were now being represented by Attorney Guerrier. In addition, on April 9, 1998, Witman wrote to Sandra Early of Berkshire Mutual in order to advise her that Mr. Forgue was no longer being represented by his office and that he was now being represented by Attorney Guerrier.
On September 28, 1998, Ms. Forgue, individually and on behalf of her minor son, Kenneth, filed suit against Mr. Forgue alleging that they sustained personal injuries as a result of Mr. Forgue’s negligent operation of his automobile in the 1996 accident. Ms. Forgue’s attorney in this matter is Attorney Guerrier. Mr. Forgue is presently represented by attorney Michael Garland (“Garland”), and now moves to have Attorney Guerrier disqualified under Rule 1.9 of the Massachusetts Rules of Professional Conduct.

DISCUSSION

The Massachusetts courts have recognized that when an attorney has ceased to represent a client, a conflict of interest may arise in representing a new client because of the attorney’s continuing duty to preserve a former client’s confidences. Adoption of Erica, 426 Mass. 55, 60 (1997). Rule 1.9 of the Massachusetts Rules of Professional Conduct explicitly addresses conflicts of interest arising from former client representation. Specifically, Rule 1.9 provides: “(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person’s interests are materially adverse to the interests of the former client unless the former client consents after consultation.”[2]
Not every successive representation implicates Rule 1.9; therefore, courts have developed two criteria to test whether a conflict arises from the representation of a former client such that it violates Rule 1.9. Bays v. Theran, 418 Mass. 685, 691 (1994). First, the current representation must be “adverse” to the interests of the former client. Second, the matters of the two representations must be “substantially related.” See Id. at 691; Masiello v. Perini Corp., 394 Mass. 842, 848 n.5. (1985).
It is clear from the nature of the two actions that the interests of Ms. Forgue and Mr. Forgue are now adverse. The question remains whether the former and current matters are “substantially related.” Attorney Guerrier first represented Mr. Forgue in an action seeking to recover PIP damages from Berkshire Mutual as a result of the 1996 automobile accident. The current representation of Ms. Forgue by Attorney Guerrier concerns the same accident, but Ms. Forgue now seeks damages for her injuries as a result of Mr. Forgue’s alleged negligence in operating the automobile. Based on the sparse record, this court is not persuaded that there has been a showing that the *175 issues involved are similar, “identical” or “essentially the same.” India v. Cook, Indus., 569 F.2d 737, 740 (2nd Cir. 1978).
This court is mindful that it “should not lightly interrupt the relationship between a lawyer and her client.” Adoption of Erica, 426 Mass. at 58. “[Disqualification, as a prophylactic device for protecting the attorney-client relationship, is a drastic measure which courts should hesitate to impose except when absolutely necessary.” Freeman v. Chicago Musical Instrument Co., 689 F.2d 715, 721 (7th Cir. 1982), quoted with approval in Masiello, 394 Mass. at 848. Here, although Attorney Guerrier might have access to information that he would not have otherwise been entitled during the course of his representation of Mr. Forgue, there is no showing that confidences from the first representation would be relevant to the second. Moreover, it has not been shown that any confidential information has been or might be disclosed by Attorney Guerrier in breach of his attorney-client relationship with Mr. Forgue.
It is well settled that courts “encourage deference to an attorney’s best judgment as to whether his representation of a client brings him into conflict with any provisions of the disciplinary code.” Adoption of Erica, supra at 63, Gorovitz v. Planning Bd. of Nantucket, 394 Mass. 246, 250 (1985); Borman v. Borman, 378 Mass. 775, 788 (1979).[3] Attorney Guerrier has been insistent that he has no conflict of interest in representing Ms. Forgue since his representation of her in this matter does not include the disclosure of any confidential information in the prior matter. Absent any evidence on the subject, therefore, this court shall not assume that Attorney Guerrier has, has disclosed or has used any confidential information of his former client, Mr. Forgue, or that he will do so.
In addition, Mr. Forgue had ample notice of Attorney Guerrier’s representation of Ms. Forgue yet chose to wait until negotiations turned sour to express any objection. Such maneuvers are disruptive to the efficient administration of justice. Masiello, 394 Mass. at 850. “Court resources are sorely taxed by the use of disqualification motions as harassment and dilatory tactics.” Gorovitz, 394 Mass. at 250.
Accordingly, given the point in litigation at which this motion is raised, in addition to the lack of evidence of the threat of disclosure of any attorney-client confidences, the court declines to order the disqualification of Attorney Guerrier at this time. If in the future, however, Attorney Guerrier recognizes that a conflict of interest has arisen, Rule 1.9 will require him to withdraw from his representation of Ms. Forgue.

ORDER

For the foregoing reasons, the defendant’s motion to disqualify Ernst Guerrier as counsel for the plaintiffs is DENIED.

Rule 1.9 further provides:
(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm which the lawyer formerly was associated had previously represented a client.
(1) whose interests are materially adverse to that person; and
(2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter, unless the former client consents after consultation.
(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter, unless the former client consents after consultation:
(1) use confidential information relating to the representation to the disadvantage of the former client, to the lawyer’s advantage or to the advantage of a third person, except as Rule 1.6, Rule 3.3., or Rule 4.1 would permit or require with respect to a client; or
(2) reveal confidential information relating to the representation except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client.

“Resolving questions of conflict of interest is primarily the responsibility of the lawyer undertaking the representation . . . Where the conflict is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question.” Comment 15 to Rule 1.7 of the Massachusetts Rules of Professional Conduct. See Rule 1.9, Comment 13.