Agnes, A.J.
The Plaintiff, Verizon Yellow Pages (“Verizon”) has filed a motion to disqualify attorneys John N. Cannavo and William H. Sims as counsel for Sims & Sims, LLP.[1] This motion arises from Verizon’s suit for assessment of indebtedness against Sims & Sims, LLP, which originally arose from an advertising debt created by Sims & Sims, PC. This motion raises the question of whether an attorney-partner in a limited liability partnership (“LLP”) may or may not represent the LLP in a pro se capacity and also testify as a key witness at trial. Compare Gorovitz v. Planning Bd. of Nantucket, 394 Mass. 246 (1985) (an attorney who is a general partner in an LP and a named party in litigation involving the LP may represent the LP on a pro se basis even though the attorney may expect to testify as a witness).
BACKGROUND
The essential facts relevant to this motion are not in dispute. Defendant Sims & Sims, PC is a Massachusetts professional corporation engaged in the practice of law in Brockton, MA. Attorney Alvin J. Sims is the firm’s sole shareholder, and is counsel of record for the PC in this suit. At one time, William H. Sims was an employee of the PC. Neither attorney A. Sims nor the PC is involved in this motion.
Defendant Sims & Sims, LLP is a Massachusetts limited liability partnership engaged in the practice of law, also located in Brockton, MA. The LLP’s sole shareholders and partners are John N. Cannavo and William H. Sims, who are also counsel of record for the LLP in this suit. Documentation submitted with the complaint includes a copy of a fax from W. Sims indicating the LLP “has agreed to the repayment of the [PC’s] Bell Atlantic Adv. Bill,” and a copy of a payment check from the LLP and signed by W. Sims. The LLP’s answers to interrogatories, No. 12, indicate that all advertising negotiations between Verizon and the LLP was conducted by Cannavo.
Verizon and the PC entered into a contract for yellow pages advertising. The PC then experienced financial difficulties, did not pay its bills, and ceased operations. Verizon obtained judgment from the Court against the PC in August 2000 for $34,488.44. Verison alleges the PC was reorganized as the LLP, and that the LLP agreed to and began paying off some of the outstanding debt from the PC judgment. The LLP, through attorneys Cannavo and W. Sims, filed counterclaims, and assert that the LLP has no business relationship with the PC, and has no duty to pay the debt.
Verizon’s motion seeks an order from the court disqualifying attorney Cannavo.[2] In particular, Verizon maintains it has no problem with the firm (LLP) representing itself via another member, but seeks attorney Cannavo’s disqualification due to the significant role he is expected to play as a witness.
DISCUSSION
1. Liability of a Limited Liability Partnership
Massachusetts has a range of different statutory schemes under which groups of people may organize themselves to conduct business. Among the forms of business organizations are general partnerships, limited partnerships, and limited liability partnerships, as defined in G.L.c. 108A, c. 109, and c. 108A, §§45-49. General partnerships exist when two or more people function as co-owners of a business for profit. G.L.c. 108A, §6. Both partners are liable “jointly and severally for everything chargeable to the partnership . . .” G.L.c. 108A, §15. “Thus, to reach the assets of a business being conducted as a general partnership ... it is necessary to sue all the partners”; and that means that all partners must be named in any suit. Fusco v. Rocky Mountain I Inv. Ltd. Partnership & others, 42 Mass.App.Ct. 441, 447 (1997), rev. den., 425 Mass. 1105 (1997).
Limited partnerships are different, in that they have both general and limited partners. G.L.c. 109, §1. The general partners are liable for partnership debts, but the limited partners are not. In contrast to members of a general partnership, both the limited and general members of limited partnerships do not hold assets as “tenants in partnership.” Fusco, supra, 42 Mass.App.Ct. at 448. When suing a limited partnership, one must name the limited partnership and serve the statutory agent of record. Id, Neither the general nor limited partners must be named individually, though general partners may be named due to their exposure to personal liability.[3] Fusco, supra, 42 Mass.App.Ct. at n.9, n.15 and n.16.
Limited liability partnerships present yet another statutory variety of organization. LLP’s have only limited partners. No partner is “personally liable directly or indirectly, including, without limitation, by way of indemnification, contribution, assessment or otherwise, for debts, obligations and liabilities of or chargeable to such partnership, whether in tort, contract or otherwise arising while the partnership is a registered limited liability partnership.” G.L.c. 108A, §15(b)(2). See Dow v. Donovan, 150 F.Sup.2d 249, 268 (D.Mass. 2001). The relationship between the LLP and its members is even more attenuated than it is in the LP. In a suit for business debt, recovery is limited to the extent of the LLP assets, and thus only the LLP itself need be named as a litigant. The partners are not personally liable, and no partner holds any assets in tenancy.
In the case at bar, John N. Cannavo is a partner in a limited liability partnership. As such, he was not and did not need to be named as a party litigant even if it is established that the LLP assumed the obligations of the former PC. Suit has been brought against Sims & Sims, LLP directly, not against Cannavo. As a limited liability partner, Cannavo is not personally liable for partnership debts. Should the plaintiff be successful in its suit, Verizon may only collect up to the limit of *736 the partnership’s assets, and will never be able to reach the personal assets of Cannavo or W. Sims. Contrary to the status of a general partner in either a general partnership or a limited partnership, who are liable for partnership debts, the status of Cannavo and W. Sims is different. They are limited partners with limited liability. As such, Cannavo and W. Sims are individuals, legally separate and distinct from Sims & Sims, LLP.
2. The Right of Pro Se Representation
General Law c. 221, §48 establishes each individual’s right to represent themselves in a legal suit pro se, that is, without the use of an attorney. A party to a suit does not lose that right simply because he or she is an attorney. Gorovitz, supra, 394 Mass. at 248-49; Borman v. Borman, 378 Mass. 775, 788-89 (1979). However, there are risks in having an attorney proceed pro se. See, e.g., Kay v. Ehler, 499 U.S. 432 (1991) (holding that neither a civilian nor an attorney, when acting pro se, is entitled to an award of attorneys fees that might otherwise be appropriate).[4]
The Gorovitz case is the leading Massachusetts case in this area. Gorovitz, supra, 394 Mass. 246 (1985). There the court established a rule that an attorney who was a general partner in a limited partnership and a named litigant could function as the partnership’s pro se attorney, representing the limited partnership, and could also testify as a key witness. The Court relied on the fact that Gorovitz was a party litigant, and that as a general partner, he possessed the “rights and powers of a partner in a partnership without limited partners.” Id. at 249 (citations omitted). His rights in the suit were indistinguishable from those of the partnership or his other partners.
In the case at bar, attorney Cannavo is neither a general partner in a limited partnership nor a named litigant. He does not possess the rights and powers of a full general partner. His identity is separate and distinct from the LLP. Consequently, he cannot assume the role of an attorney for the LLP on a pro se basis. His interests are distinct from the LLP’s.[5] The LLP alone is liable for any judgment won by Verizon, while he is not.[6]
3. Applicability of Rule 3.7 of the Rules of Professional Conduct (“Lawyer as Witness”)
Implicit in G.L.c. 221, §48 is every litigant’s “right to counsel of his choice.” Borman, supra, 378 Mass. at 787. Sims & Sims, LLP has a right to counsel of its choice in this litigation. To date, the LLP has chosen to have both attorneys Cannavo and W. Sims as its counsel. However, the right of self-representation has no application to circumstances in which an attorney is not a party. Unlike the situation in Gorovitz, this is not a case in which the advocate who is expected to testify in this action is also a litigant. The situation in the present case brings into play 3.7 of the Rules of Professional Conduct of the Supreme Judicial Court, S.J.C. Rule 3:07, which provides as follows:
Lawyer as Witness.
(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.[7]
Attorney Cannavo is a necessary witness at trial, likely the most important one for the LLP. Thus, Cannavo cannot act as counsel for the LLP under Rule 3.7 unless one of three exceptions apply. Exceptions one and two are not relevant; only the third is considered. Argument from the LLP, both written and oral, has not raised nor argued the issue of substantial hardship. The Court agrees that the LLP has other reasonable choices in securing representation, none of which would work a substantial hardship on the firm.
Comment [1] to Rule 3.7 of the Massachusetts Rules of Professional Conduct states that “(c]ombining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and the client.” Rules of the Supreme Judicial Court, Rule 3:07, Rules of Professional Conduct, Rule 3.7, Comment 1. This comment is directly applicable in this situation.[8] It bars Attorney John N. Cannavo from representing Sims & Sims, LLP in the current litigation because it is expected that he will be a necessary witness in the case.
CONCLUSION
Courts should be mindful that motions to disqualify may be used as delaying tactics to gain an advantage in litigation. This is not such a case. See Gorovitz supra, 394 Mass. at 250 n. 7; Masiello v. Perini Corp., 394 Mass. 842, 850 (1985); G.D. Matthews & Sons, v. MSN Corp., 54 Mass.App.Ct. 18, 23 (2002). The plaintiff has established a fundamental basis for the disqualification of defendant’s counsel. For the foregoing reasons, Verizon’s motion to disqualify John N. Cannavo as counsel representing Sims & Sims, LLP in this suit is ALLOWED.

Based on representations in oral arguments, this motion is now limited to considering the disqualification of John N. Cannavo only, and not of William H. Sims.

The original motion sought an order disqualifying both of the attorneys for the defendant, but during oral argument in the case plaintiff clarified that it sought relief only against attorney Cannavo. However, attorney Sims may wish to reassess his position because “(t]he prohibition, where applicable, applies not only to the attorney who is to be a witness but to other attorneys in his law firm. See Byington v. City of Boston, 37 Mass.App.Ct. 907, 908 (1994); Rule 3.7 Comment 5, Rules of the Supreme Judicial Court, S.J.C. Rule 3:07.

There is some uncertainty about the necessity of naming general partners of an LP as parties to suits. The varied opinions are discussed and resolved in Fusco, supra, 42 Mass.App.Ct. at n.9.

The Court stated that “[e]ven a skilled lawyer who represents himself is at a disadvantage in contested litigation. Ethical considerations may make it inappropriate for him to appear as a witness. He is deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom. The adage that ‘a lawyer who represents himself has a fool for a client’ is the product of years of experience by seasoned litigators.” Kay v. Ehler, supra, 499 U.S. at 437-38.

The same can be said for W. Sims.

There is authority suggesting that “pro se litigant[s] may not represent any other party, no matter what their relationship. Restatement (Third) Law Governing Lawyers, Vol. 1 at 41 (1998) (citing cases holding that a father could act pro se for himself, but not for his infant son; litigant may not represent another party; husband may not represent wife; and pro se lawyer may not represent other parties and be a witness). See Laubinger v. Department of Revenue, 41 mass.App.Ct. 598, 610 n. 15 (1996) (leaving open the question whether a non-attorney parent could represent his child as pro se counsel).

Rules of the Supreme Judicial Court, Rule 3:07. Rule 3.7 goes on to state: (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer’s firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9. The Court does not consider the application of this clause, as the issue is not currently before the Court.

The observations by Justice Keeton of the United States District Court for the District of Massachusetts about the perils associated with attorneys who become involved in the representation of law firms organized as LLPs bear close reading. See Dow v. Donovan, 150 F.Sup.2d 249, 268-74 (D.Mass. 2001). He raises the question of possible conflict of interest between the attorney and the partnership, once partnership liability is established. Questions of internal fiduciary duty could arise in this situation because the partnership is the defendant. Id. at 268. In contrast, it would not have arisen in the Gorovitz or Borman cases because the causes of actions were not against the partnership for any outstanding debt.